IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| WILLIS JOHN YAZZIE SR.,   Petitioner, | § § § | |
| v. | § § | Cause No. EP-23-CV-243-KC |
| SANDRA HIJAR,   Respondent. | § § § | |

## MEMORANDUM OPINION AND ORDER

Willis John Yazzie Sr., Federal Prisoner Number 54228-051, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1-1.[1] He challenges his guilty-plea conviction for aggravated sexual abuse in Indian Country. *Id*. at 1. He claims he is actually innocent. *Id*. at 6. He is not entitled to § 2241 relief for the following reasons.

### BACKGROUND

Yazzie is a 43-year-old federal prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas. *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (search for Reg. No. 54228-051) (last visited Aug. 4, 2023). His projected release date is September 17, 2023. *Id*. His place of confinement is in El Paso County, Texas, which is within the jurisdiction of the United States District Court for the Western District of Texas. 28 U.S.C. § 124(d)(3).

On May 3, 2010, Navajo Nation Social Services notified the Navajo Tribal Police Department in Shiprock, New Mexico, that two girls claimed their stepfather, Yazzie, had

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this case and in *United States v. Yazzie*, 1:10-CR-1761-JB (N.M.). Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

1

molested them. *United States v. Yazzie*, 1:10-CR-1761-JB (N.M.), Complaint, ECF No. 1.[2]

When interviewed, the 13-year-old victim described her home on the Navajo Reservation as an 8-by-8-foot shack without running water or electricity. *Id.* at 2. She said she lived in a single room with her mother, sister, brother, and Yazzie. *Id*. She claimed almost every Friday when she returned from her boarding school in Toadlena, New Mexico, Yazzie would kiss her on the lips, call her "baby," and attempt to put his penis in her mouth. *Id*. at 2–3. She also claimed on numerous occasions while her mother was not around, Yazzie grabbed her, forced her on the bed, sat on her stomach, and kissed her on the lips. *Id*. at 3.

During her interview, the ten-year-old victim claimed Yazzie touched her in uncomfortable ways. *Id*. at 4. She recalled on one occasion Yazzie started "humping" her with her clothes on, reached inside her pants, and put his hand on her vagina. *Id*.

Yazzie admitted to his wife that he had sexually abused her older daughter for approximately two years. *Id.* He also admitted to her that he had touched her daughter on her vagina with his hand. *Id*.

Yazzie was charged by indictment with two counts of aggravated sexual abuse in violation of 18 U.S.C. §§ 1153 (Offenses Committed Within Indian Country), 2241(c) (Aggravated Sexual Abuse with Children), and 2246(2)(D) (Definition of Sexual Act) in cause number 1:10-CR-1761-JB in the United States District Court for the District of New Mexico. *Id.*, Indictment, ECF No. 12. He entered into an agreement with the Government to plead guilty to a one-count information charging him with aggravated sexual abuse in violation of 18 U.S.C. § 2241(a) (Aggravated Sexual Assault by Force or Threat)—and avoided the mandatory minimum

---

[2] The Court takes judicial notice of the records of Yazzie's criminal case, *United States v. Yazzie*, 1:10-CR-1761-JB (N.M.). *See* Fed. R. Evid. 201(b)(2) and (c)(1).

30-year sentence for a conviction under 18 U.S.C. § 2241(c) (Aggravated Sexual Abuse with Children). *Id*., Plea Agreement, ECF No. 38 at 2. He admitted to the following facts related to the charge against him:

> I, Willis Yazzie, am an enrolled member of the Navajo Nation and hold myself out as an Indian. I have maintained this status throughout my life, including during March of 2010. I, Willis Yazzie, inserted my finger into the vaginal opening of my stepdaughter, A.N., a/k/a Jane Doe. A.N. was 13 years old at the time. In doing so, *I used force against A.N.* I engaged in this behavior with an intent to abuse and humiliate A.N. and to arouse and gratify my own sexual desire. This act occurred within our small home located in Two Grey Hills, New Mexico. Two Grey Hills is located within the exterior boundaries of the Navajo Indian Reservation.

*Id*. at 3–4 (emphasis added). Yazzie also agreed to waive his right to appeal his conviction and sentence. *Id*. at 7. He additionally agreed to waive any collateral attack on his conviction pursuant to 28 U.S.C. § 2255, except on the issue of his counsel's ineffective assistance while negotiating his plea or waiver. *Id*.

At his plea hearing before the United States Magistrate Judge, Yazzie initially claimed the factual summary in the plea agreement was not true because he did not "use force, and [the victim] was the one that kept coming to [him]." *Id*., Plea Tr., ECF No. 63 at 7:1–7:2. He then engaged in the following exchange with the Magistrate Judge which ultimately resulted in his guilty plea:

> THE COURT: All right. Well let me ask you this, Mr. Yazzie: You feel that you didn't use force. You said that the minor in this information charging you with the crime of aggravated sexual abuse kept coming to you. But do you, after considering all of the evidence that the United States has marshaled against you, do you feel that it is more probable than not that a jury would find that you did use force? In other words, that they would believe the evidence in this case, aside from what you have to say?
>
> (Pause)
>
> THE DEFENDANT: (indiscernible) talking about this and was telling me that a jury would find me using force --

3

> THE COURT: And is that because -- what's the reason for that in your judgment? Is it because of the age of the victim?
>
> THE DEFENDANT: I think age of the victim, yes.
>
> THE COURT: Okay. And so even though you feel that there wasn't force used, after you have looked at all the evidence in the case, is it your belief that a jury would not believe you and would find that you did use force?
>
> THE DEFENDANT: Yes.
>
> \*\*\*\*
>
> THE COURT: So you still want to proceed with this plea?
>
> THE DEFENDANT: Yes.

*Id*. at 7:25–8:20; 9:21–9:23.

The District Court sentenced Yazzie to 188 months' imprisonment followed by eight years' supervised release. *Id*., J. Crim. Case, ECF No. 158.

Yazzie appealed, but the Tenth Circuit Court of Appeals granted the Government's motion to enforce the waiver in his plea agreement and dismissed his appeal. *United States v. Yazzie*, 572 F. App'x 663, 664 (10th Cir. 2014) (per curiam).

Yazzie next filed a handwritten motion to set aside his sentence under 28 U.S.C. § 2255. *United States v. Yazzie*, 1:10-CR-1761-JB (N.M.), First Mot. to Vacate, ECF No. 195. His motion was dismissed after the trial court rejected his claim that he received ineffective assistance of counsel during his criminal proceedings. *Id*., Mem. Op. & Opinion, ECF No. 215.

Yazzie followed up with a second § 2255 motion challenging his conviction and sentence. *Id*., Second Mot. to Vacate, ECF No. 231. His motion was dismissed for lack of jurisdiction on the grounds that it was a successive motion filed without the authorization that § 2255(h) requires. *Id*. Mem. Op. & Order, ECF No. 239.

4

Yazzie then filed a third § 2255 motion. *Id.*, Third Mot. to Vacate, ECF No. 255. He asked the trial court to extend the Supreme Court's decision in *Davis v. United States*, 139 S. Ct. 2319 (2019)—which invalidated 18 U.S.C. § 924(c)'s residual clause—to his conviction under 18 U.S.C. § 2241(c).[3] *Id.* at 10. Because Yazzie had filed previous motions under § 2255 challenging the same conviction, his motion was subject 28 U.S.C. § 2255(h)'s requirements. *Id.*, Mem. Op. & Order, ECF No. 257 at 2. As a result, the trial court transferred the motion to the Tenth Circuit for further consideration. *Id.* at 3.

The Tenth Circuit determined "Yazzie's challenge to his § 2241(c) [sic] conviction does not rely in any meaningful sense on the new rule announced in *Davis*." *Id.*, Order, ECF No. 259 at 4. Accordingly, it denied Yazzie authorization to proceed with a successive § 2255 motion. *Id.*

In his current petition brought pursuant to 28 U.S.C. § 2241, Yazzie claims he is "actually innocent" because there are "insufficient factual circumstances from the victim's and petitioner's statements to establish that force was used by petitioner in the sexual offense." Pet'r's Mem. in Support, ECF No. 1-2 at 2. He concedes the Tenth Circuit explained in *United States v. Holley*, 488 F.3d 1298, 1302–03 (10th Cir. 2007), that force did not require proof of actual violence and could "be inferred by such facts as disparity in size between the victim and assailant, or disparity in coercive power." *Id.* at 5. But he argues the Seventh Circuit concluded in *Cates v. United States*, 882 F. 3d 731, 733, 737 (7th Cir. 2018), "that 'force' in § 2241(a)(1) means physical 'force.' " *Id.*

### APPLICABLE LAW

As a preliminary matter, a reviewing court must determine whether the petitioner properly raised a claim in a § 2241 petition. If the reviewing court finds "it plainly appears from the petition

---

[3] Yazzie pleaded guilty to an information charging him with 18 U.S.C. § 2241(a), not 18 U.S.C. § 2241(c). *See United States v. Yazzie*, 1:10-CR-1761-JB (N.M.), Information, ECF No. 35.

and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254 R. 4; *see* R. 1 ("The district court may apply any or all of these rules to a habeas corpus petition ...").

### A. 28 U.S.C. § 2241

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

### B. 28 U.S.C. § 2255

By contrast, a motion attacking a federal sentence pursuant to 28 U.S.C. § 2255 " 'provides the primary means of collateral attack on a federal sentence.' " *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under § 2255 is warranted for errors that occurred at trial or sentencing. *Cox,* 911 F.2d at 1114 (5th Cir. 1990); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997); *Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1131 (5th Cir. 1987). And a § 2255 movant may only bring his motion in the district of conviction and sentence. *Pack*, 218 F.3d at 452.

### C. Savings Clause

As a result, a federal prisoner who wants to challenge his conviction or sentence must generally seek relief under § 2255. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). He

may raise his claims in a § 2241 petition only if they fall within the "savings clause" of § 2255(e):

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).

In *Jones v. Hendrix*, 143 S. Ct. 1857 (2023), the Supreme Court noted § 2255(h) strictly limited second or successive § 2255 motions to those that contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Jones*, 143 S. Ct. at 1867 (quoting 28 U.S.C. § 2255(h)). It then explained as to those challenges that fall outside of § 2255(h)—including challenges under § 2255(e)—that "[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id*. at 1869.

When a § 2241 petitioner cannot satisfy the savings clause requirements, the proper disposition is dismissal of the petition for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003).

## ANALYSIS

Yazzie claims he is "actually innocent" because there are "insufficient factual circumstances from the victim's and petitioner's statements to establish that force was used by petitioner in the sexual offense." Pet'r's Mem. in Support, ECF No. 1-2 at 2. He concedes the

7

Tenth Circuit explained in *Holley*, 488 F.3d at 1302–03, that force did not require proof of actual violence and could "be inferred by such facts as disparity in size between the victim and assailant, or disparity in coercive power." *Id*. at 5. But he argues the Seventh Circuit concluded in *Cates*, 882 F. 3d at 737, "that 'force' in § 2241(a)(1) means physical 'force.' " *Id*.

As the Court noted above, a § 2255 motion—not a § 2241 petition—" 'provides the primary means of collateral attack on a federal sentence.' " *Pack*, 218 F.3d at 451. Nonetheless, the savings clause in § 2255(e) allows a district court with jurisdiction over a prisoner's custodian to entertain a § 2241 petition challenging a federal sentence if it first concludes that a § 2255 motion is inadequate to challenge a prisoner's detention. 28 U.S.C. § 2255(e). But a § 2255 motion is deemed adequate unless the § 2241 petitioner relies on (1) newly discovered evidence or (2) a new rule of constitutional law. *Jones*, 143 S. Ct. at 1863.

Yazzie does not present newly discovered evidence to support his claim of actual innocence. In fact, he first asserted his claim that he did not use force against his victim at his re-arraignment. *United States v. Yazzie*, 1:10-CR-1761-JB (N.M.), Plea Tr., ECF No. 63 at 7:1–7:2. He also fails to mention he agreed that he "used force against A.N" in the factual summary of his plea agreement. *Id.*, Plea Agreement, ECF No. 38 at 3–4. Moreover, he does not identify a new rule of constitutional law retroactively applicable to his case. As a result, his inability to meet § 2255(h)'s second or successive' requirements not only does not make § 2255 inadequate or ineffective; it means he cannot bring his claim under § 2241 at all. *Jones*, 143 S. Ct. at 1869.

**CONCLUSION AND ORDERS**

The Court concludes Yazzie cannot meet his burden of demonstrating the inadequacy or ineffectiveness of § 2255. Consequently, it also concludes he cannot satisfy the stringent

requirements of the § 2255(e) savings clause test. *Id*. It further concludes that it "plainly appears" from Yazzie's petition that he is not entitled to § 2241 relief. 28 U.S.C. foll. § 2254 R. 4. It accordingly enters the following orders:

**IT IS ORDERED** that that Yazzie's *pro se* "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1-1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that, to the extent that Yazzie's petition may be construed as a second or successive motion under 28 U.S.C. § 2255 submitted without the approval of a court of appeals, he is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED this 8th day of August, 2023.**

_____
**KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**